Victoria Umlauf

*v.*

Lewis Umlauf.

*Filed at Ottawa June 21, 1882—Rehearing denied September Term, 1882.*

1. Appeals and writs of error—*right of appeal in case of bill by wife for separate maintenance.* The right to an appeal from, or writ of error to, the Appellate Court is not given by statute in case of a bill by a married woman for a separate maintenance, where the original decree is for a less amount than $1000, as, where it requires the husband to pay $60 a month to the wife for the support of herself and child.

2. Same—*right to, in general.* By section 90 of the Practice act, and section 8 of the Appellate Court act, the legislature intended that the right to an appeal from, or writ of error to, the Appellate Court to recover money or property in a civil action should be limited by the amount in controversy, as shown by the record, or by the amount of the recovery in the court below *in cases sounding in damages,* that sum being $1000.

3. Same—*meaning of term "actions ex contractu."* The expression "actions *ex contractu,*" in section 8 of the Appellate Court act, has reference to the nature of the cause of action, rather than to the form of the proceeding to enforce it. By it is meant all causes of action arising *ex contractu,* as contradistinguished from those arising *ex delicto,* without regard to whether the proceeding is at law or in equity.

4. Same—*meaning of word "contract."* The word "contract" in law embraces not only the agreements of parties actually to do, or refrain from doing, some lawful thing, but also many other legal obligations which the law creates or implies from certain relations of the parties to each other, such as the duty of a husband to support his wife or a parent his child.

5. Same—*penal actions are not treated as ex contractu.* The 8th section of the Appellate Court act expressly excludes "actions involving a penalty" from the category of actions *ex contractu,* and hence, for the purpose of

determining the right of appeal, every civil proceeding for the recovery of a penalty, whatever may be its form, must be treated as an action *ex delicto.*

6. SAME—*when it lies in actions ex contractu.* In actions *ex contractu* an appeal or writ of error lies, first, in cases where the amount in controversy, as shown by the record, is as much as $1000, exclusive of costs; and second, in cases sounding in damages,—that is, where the damages are not susceptible of direct proof,—where the judgment of the court below is as much as $1000, exclusive of costs.

7. SAME—*when it lies in actions ex delicto.* In actions *ex delicto* an appeal or writ of error lies, first, where the sum or value in controversy *exceeds* $1000, exclusive of costs; second, in cases sounding in damages where the amount of the recovery in the court below is as much as $1000, exclusive of costs.

8. SEPARATE MAINTENANCE—*obligation to support wife arises ex contractu.* A right of a married woman to a separate maintenance, if it exists at all, grows out of the marital relations of the parties, and falls within that numerous class of legal obligations which are known as contracts created by the law, in contradistinction to those created by the parties themselves. In such a case the record must affirmatively show that the amount in controversy is as much, at least, as $1000, exclusive of costs, to give an appeal from the Appellate to the Supreme Court.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Mr. FRANCIS LACKNER, for the appellant.

Mr. D. J. LYON, for the appellee.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This is a proceeding under the statute, instituted by Victoria Umlauf, against her husband, Lewis Umlauf, in the Superior Court of Cook county, for a separate maintenance. Upon the hearing of the cause that court found the equities with the complainant, and by its decree directed the defendant to pay her for the support and maintenance of herself and two children the sum of $60 per month while they lived separate from him. On appeal to the Appellate Court for

the First District this decree was reversed, and a decree was there entered dismissing the bill, from which latter decree the complainant appealed to this court.

Upon the bringing of the cause here appellee entered a motion to dismiss the appeal, on the ground no appeal lies to this court. In view of the importance of the question presented by the motion, and for the purpose of giving it greater and more deliberate consideration, it was reserved till the final hearing of the cause.

The 90th section of the Practice act gives the right of appeal from the final judgments of the Appellate Courts to this court in all "cases where the sum or value in controversy exceeds $1,000, exclusive of costs." By the 8th section of the Appellate Court act a like appeal is given in all actions *ex. contractu* not sounding in damages, where the amount involved is $1000 or over, and by the same section the right of an appeal is given in all cases sounding in damages, whether the action be *ex contractu* or *ex delicto*, where the judgment of the court below is $1000 or over, exclusive of costs. The legislature, in adopting these sections, clearly intended the right to an appeal, or to a writ of error, should, in all cases where the chief and direct object of the suit is to recover money or property, be limited by the amount in controversy, as shown by the record, or by the amount of recovery in the court below, "*in cases sounding in damages.*" As has been heretofore said, all rights of action which have for their object the recovery of money or property must, in contemplation of law, arise either *ex contractu* or *ex delicto*, in the extended sense of those terms; and as was held in the *Baber case*, 93 Ill. 342, the legislature, in using the expression "actions *ex contractu*," in the 8th section of the Appellate Court act, had reference to the nature of the cause of action rather than to the form of the proceeding for its enforcement. By it they manifestly meant all causes of action arising *ex contractu*, as contradistinguished from those arising *ex delicto*,

without regard to whether the proceeding was at law or in equity.

The term "contract," in its popular signification, is generally limited to actual agreements between determinate contracting parties, but in law it has a much more extended signification. There are many duties and obligations growing out of certain relations which are regarded by the law as species of contracts, where it is clear there never was any actual agreement between the parties to such relations. Hence it is said by Mr. Bishop, in defining a contract, that "a contract is a promise from one to another, either made in fact, *or created by the law*, either to do, or refrain, some lawful thing," etc. (Bishop on Contracts, secs. 1, 5, 72.) There are many familiar illustrations of this doctrine, such as the legal obligations which grow out of the relation of husband and wife, parent and child, joint creditors, co-sureties, client and attorney, and the like.

It is the duty of the husband to support his wife, and if he refuses to do so, and others supply her with necessaries suitable to the husband's condition in life, the latter, except under special circumstances, will be liable to those furnishing them, although supplied contrary to his express orders. Here, notwithstanding it affirmatively appears there was no actual agreement or understanding on the part of the husband to pay for necessaries thus furnished, yet, since it was his duty to do so, the law nevertheless implies such an agreement, and enforces it precisely in the same manner as if it had been expressly entered into by him. On the same principle statutory penalties, although of a *quasi* criminal nature, and universally imposed for some delict or wrong, yet, for purposes of enforcement against the wrongdoer, they are generally treated as a species of contract, and hence an action of debt is the ordinary form of action for their recovery. The 8th section of the Appellate Court act, however, by an express provision excludes "actions involving a penalty" from

the category of actions *ex contractu,* and hence, for the purposes of determining the right of appeal, every civil proceeding for the recovery of a penalty, whatever may be its form, must be treated as an action *ex delicto.* The legislature, in thus classifying cases involving penalties, affords another strong proof, in addition to those mentioned in the *Baber case,* that its classification of cases, for purposes of appeal, is based upon the nature of the cause of action rather than the form of the proceeding selected for its enforcement. As every right of action for the recovery of a penalty *arises ex delicto,* it is more philosophic and in consonance with scientific legal principles to classify such cases, as the' legislature has done, with actions for torts.

Using the expressions *ex contractu* and *ex delicto* in the sense already stated, it may be said, in general terms, that for the purposes of appeals and writs of error all civil actions that have for their direct object the recovery of money or property, whether real or personal, tangible or intangible, belong to one or the other of these classes. In the former,— that is, in actions *ex contractu,*—an appeal or writ of error lies, first, in cases where the amount in controversy, as shown by the record, is as much as $1000, exclusive of costs; second, in cases sounding in damages,—that is, where the damages are not susceptible of direct proof,—where the judgment of the court below is as much as $1000, exclusive of costs. In actions *ex delicto* an appeal or writ lies, first, where the sum or value in controversy *exceeds* $1000, exclusive of costs; second, in *cases sounding in damages,* where the amount of recovery in the court below is as much as $1000, exclusive of costs. It will be thus seen that all cases sounding in damages, whether the cause of action arises *ex contractu* or *ex delicto,* stand precisely upon the same footing. In either case the right to an appeal or a writ of error depends upon the amount of recovery in the court below, and the only difference between actions *ex contractu* and

actions *ex delicto*, not sounding in damages, so far as the right of appeal is concerned, is, that in the latter class of cases the amount in controversy must *exceed* $1000, exclusive of costs, whereas in the former class it is sufficient if the judgment is as much as $1000, exclusive of costs.

An exception to the general view here expressed has been recognized by a majority of this court in *quasi* criminal cases, such as actions for penalties and bastardy proceedings. This class of cases, contrary to the views of the writer of this opinion, has been placed upon the same footing with criminal cases, and appeals and writs of error are allowed in them, without regard to the amount sought to be recovered or the judgment of the court below.

The object of the proceeding under consideration is to recover money from the husband for the maintenance of the wife, and it is prosecuted upon the assumed legal hypothesis that, under the circumstances alleged and proved, he is bound to pay the amount sought to be recovered for the purpose in question. Assuming there is a right of recovery at all, it clearly grows out of the marital relations of the parties, and hence is brought within that numerous class of legal obligations which are known to the law as contracts created by law, in contradistinction to those created by the parties themselves. They are also sometimes distinguished from other contracts as *quasi* contracts. Viewed in this light, it is clear the record must affirmatively show the amount in controversy is as much, at least, as $1000, exclusive of costs, otherwise the appeal was improvidently taken. Upon looking at the record, we discover the parties themselves have fixed the amount of recovery at $60 per month, provided the court is of opinion there should be a recovery at all. Now, it is clear from this stipulation there is not necessarily involved in this suit as much as $1000. There is no certainty that the present relations between the parties will exist any considerable length of time, and we are aware of

no principle that would warrant a presumption the one way or the other upon that subject. A resumption of the conjugal relations, or the death of either party, would operate as an extinguishment of the claim. The fact that the claim might in the course of time,—assuming their present relations to continue,—amount to as much as $1000, we do not regard as sufficient to give this court jurisdiction. Before the right of appeal attaches in a case like this, it must clearly appear from the record there is involved in the controversy, independent of all contingencies, the amount of $1000, exclusive of costs. Testing the present case by this rule, it is clear the appeal does not lie, and will therefore have to be dismissed.

It is urged, however, this suit is not simply a suit for the recovery of money; that its chief object is to establish the *status* of the parties. We do not regard this position as tenable. No question of *status* is raised either by the pleadings or evidence. The relation of husband and wife exists between the parties, and they are living apart. These are conceded facts, about which there is no controversy. She seeks to recover money from him for her support and maintenance, and her right to do so depends upon whether their living apart is without her fault, and this is all.

*Appeal dismissed.*

Mr. CHIEF JUSTICE SCOTT: I do not concur either in the reasoning or conclusion of this opinion.