EDWARD C. AKIN

*v.*

ANN CASSIDAY.

*Filed at Ottawa November 20, 1882.*

1. DECREE—*conditional*—*when inoperative.* On bill to foreclose a mortgage, a cross-bill was filed seeking the cancellation of the mortgage as a cloud upon the title, and a decree entered on the cross-bill finding the sum due on the mortgage, and requiring the mortgagee to release the mortgage on payment of that sum by a day named, and providing that if the payment was not made by that time, the cross-bill should stand dismissed. The money not having been paid, the court at the same term dismissed the cross-bill, and entered a decree of foreclosure: *Held,* that the amount found to be due in the two decrees could not be added together as the sum required to be paid,—that the first decree was conditional, and became inoperative on the failure to pay, and the cross-bill stood dismissed without any further order; but were it otherwise, the first decree was rendered inoperative by the second decree foreclosing the mortgage, and only the sum found in the last decree could be collected, with the interest and costs.

2. CROSS-BILL—*when not necessary.* On bill to foreclose a mortgage given by a person claiming to be the conservator of an insane person, against his successor, the latter answered denying that the person executing the note and mortgage was the conservator of the insane person, and his authority to bind the estate, and also filed a cross-bill setting up the same facts as in the answer, but no new facts, and asking to have the note and mortgage set aside and canceled: *Held,* that the cross-bill was improperly filed, and should have been dismissed had a motion been made for that purpose. The defence in the answer, if successful, would have barred all future claim under the mortgage, the same as a decree declaring it void.

3. APPEAL—*when freehold is involved.* A proceeding to foreclose a mortgage does not involve a freehold, and when the decree is for less than $1000 no appeal lies from the Appellate Court affirming the decree of foreclosure to this court.

APPEAL from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Mr. GEORGE S. HOUSE, for the appellant.

Mr. GEORGE J. MONROE, and Mr. THOMAS H. HUTCHINS, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellee filed a bill in equity, in the Will circuit court, on the first day of November, 1878, to foreclose a mortgage on certain real estate in that county. The mortgage was executed by Charles H. Macomber, as conservator of Martha Palmer, to secure a promissory note of that date, for $500, payable to appellee in two years, with ten per cent interest, executed by him in like manner. The bill alleges that Macomber had died after the note and mortgage were executed, and appellant was appointed conservator of Martha Palmer in his stead. An answer was filed by appellant, by which he denied that Macomber was ever legally appointed such conservator, and he had no power to act as such, and having no such power, the note and mortgage given by him to appellee were void. He also filed a cross-bill, in which he alleged the same facts, and prayed that the mortgage be declared void, as a cloud on the title. To this cross-bill there was an answer filed. A hearing was had on the original and cross-bills, and a decree rendered, under the cross-bill, that appellant pay to appellee the amount then found to be due on the note, by the 5th day of November, 1881, as a condition to the relief sought by the cross-bill, and that upon its payment appellee should make and deliver to appellant a sufficient release. This decree was rendered on the 13th day of October, 1881. On the 12th day of November following, the case was again heard, and a decree was rendered for $785.40, and that amount was ordered to be paid

within thirty days, and in default thereof the premises were ordered to be sold. This decree further orders that the cross-bill be dismissed for a failure to pay appellee as required by the former decree of the court in the cause. These hearings were had, and the decrees were rendered, at the same term of the court.

The decree under the cross-bill provided, in terms, that on a failure to pay the amount found by the time named, the cross-bill should be dismissed. The terms of the decree not having been complied with, the cross-bill stood dismissed. The decree prescribed as the terms upon which the relief would be granted, the payment of the money within the time named, and the failure to comply operated to vacate the decree and to dismiss the cross-bill; but if it were not so, the decree is annulled and rendered inoperative by the decree of the 12th of November, by formally dismissing the cross-bill. The only decision of the case is that of November 12, 1881, for $785.40. There is no pretense that on this record more than that sum, with interest and costs, can be collected by appellee from appellant on the estate of Martha Palmer, in his hands as conservator, nor did appellee in her bill claim more than that sum. It would be wholly unjustified to hold that the two decrees may be added together as the amount of the decree of the court, as the first decree was but a conditional one, and was vacated by the latter decree.

The unnecessary and useless filing of the cross-bill in this case has but incumbered the record, and tended to introduce confusion and increase costs. It should have been dismissed had a motion been entered for the purpose. (*Morgan* v. *Smith*, 11 Ill. 194.) It introduced no matter not already set up as a defence in the answer. Had that defence been allowed, the original bill would have been dismissed, and that would have been as effectual to bar all future claims under the mortgage, as a decree declaring it void and inoperative. The dismissal would have been the same in effect.

The decree being for less than $1000, and no more or a greater than that sum being claimed, this court has no jurisdiction to review the decision of the Appellate Court. The statute has made its decision final in such cases. A freehold is not involved. In the cases of *Grand Tower Manf. Co.* v. *Hall,* 94 Ill. 152, *Pinneo* v. *Knox,* 100 id. 471, and *McIntyre* v. *Yates,* id. 475, it was held that a proceeding to foreclose a mortgage does not involve a freehold.

There not being a freehold involved, or some other statutory right of appeal, and the decree in this case being less than $1000, the appeal must be dismissed.

*Appeal dismissed.*


Mr. JUSTICE DICKEY: I fully concur in this decision, and in the arguments in support thereof; but in the views expressed upon the hypothetical case, (in case a motion had been made to dismiss the cross-bill before the hearing,) and wherein it is said such a motion ought to have been sustained, I do not concur. The question does not arise upon this record, and is not before the court for determination, and if it were, I can not doubt that had the cross-bill been true, the defendant, after filing an answer, had the absolute right, under our statute, to file the cross-bill and demand affirmative relief in having the mortgage declared void. Without the cross-bill, at any time before the hearing, the court might, in its discretion, have permitted complainant to dismiss the bill, without prejudice. Defendant had the right, by statute, to prevent this by the filing of the cross-bill, and had a motion been made to dismiss the cross-bill without a hearing, I think such motion could not properly have been sustained. This, however, is a merely speculative question. No such motion was made, hence what is said here about it is clearly extra-judicial, and of no binding force.