EMMA RIMMER

*v.*

THE O'BRIEN-GREEN COMPANY.

*Filed at Ottawa January 19, 1897.*

APPEALS AND ERRORS—*Appellate Court's judgment is final in mechanic's lien suits involving less than $1000.* The rule that in proceedings to foreclose a mortgage where the amount involved is less than $1000 the judgment of the Appellate Court is final, in the absence of a certificate of importance, applies to proceedings to enforce a mechanic's lien.

*Rimmer v. O'Brien-Green Co.* 64 Ill. App. 104, dismissed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

FARSON & GREENFIELD, for appellant.

LEVI SPRAGUE, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was a proceeding commenced in the Superior Court of Cook county to enforce a mechanic's lien. Upon a hearing in the Superior Court the petitioner obtained a decree for $417.90, and interest from January 1, 1893. To reverse that decree Emma Rimmer appealed to the Appellate Court, where the judgment of the Superior Court was affirmed as to the $417.90 but reversed as to the allowance of interest, and she has appealed to this court.

This being a proceeding to collect a debt, and the amount involved being less than $1000, the judgment of the Appellate Court was final, and no appeal will lie from that judgment to this court unless the Appellate Court has granted a certificate of importance as provided for in the statute, which was not done. We have held

in a number of cases that on a bill to foreclose a mortgage, where the amount involved is less than $1000, the judgment of the Appellate Court is final. (*Akin* v. *Cassiday*, 105 Ill. 22; *Sedgwick* v. *Johnson*, 107 id. 385.) The same principle governing these cases in regard to an appeal must apply to a proceeding to enforce a mechanic's lien. The appeal will be dismissed.     *Appeal dismissed.*