THE CLINTON MUTUAL COUNTY FIRE INSURANCE CO.

*v.*

JACOB ZEIGLER.

*Opinion filed February 18, 1903.*

, 1. APPEALS AND ERRORS—*the words "actions ex contractu," in Appellate Court act, refer to the nature of the cause of action.* The expression "actions *ex contractu*," used in the Appellate Court act with reference to the finality of the judgment of that court in actions *ex contractu* involving less than $1000, refers to the nature of the cause of action; and the form of the proceeding, whether at law or in equity, is immaterial.

2. SAME—*when a suit is an action ex contractu.* A proceeding in equity against a mutual fire insurance company to correct an ambiguity in a policy and compel the levy of an assessment to pay a loss under the policy is an action *ex contractu*.

3. SAME—*when $1000 is not involved.* Less than $1000 is involved in a proceeding to compel the levy of an assessment to pay a loss of $200 on the contents of a building, even though the policy on the building and contents exceeds the amount of $1000, where the loss on the building was paid without suit.

*Clinton Co. Ins. Co.* v. *Zeigler*, 101 Ill. App. 165, appeal dismissed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of DeWitt county; the Hon. W. G. COCHRAN, Judge, presiding.

LEMON & LEMON, for appellant.

GEORGE K. INGHAM, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

This was a suit in equity in the circuit court of DeWitt county, brought by appellee, against appellant, to reform an ambiguity in a fire insurance policy and provide a means of payment of the sum of $200 by making an assessment against the members of appellant as and for a loss sustained by appellee by fire in the destruction of the contents of a certain barn, and that when the same was collected, according to appellant's charter and by-

laws, to pay the same to appellee.   There was a decree entered by the chancellor in the case, from which an appeal was taken to the Appellate Court, which court, at the May term, 1899, reversed the same and remanded the cause to the circuit court for further proceedings. The cause was again tried, when a decree was entered in favor of appellee, from which decree an appeal was taken by appellant to the Appellate Court for the Third District, which court ordered "that the decree aforesaid be affirmed in all things and sustained in full force and effect,   *   *   *   and that appellee recover of and from the said appellant, costs by him in this behalf expended," and that he have execution therefor.   From this judgment of the Appellate Court appellant has prosecuted this further appeal.

Paragraph 91 of chapter 110 of our statutes (Hurd's Stat. 1899, p. 1297,) provides: "In all criminal cases and in all cases where a franchise or freehold, or the validity of a statute is involved, and in all other cases where the sum or value in the controversy shall exceed one thousand dollars ($1000), exclusive of costs, which shall be heard in any of the Appellate Courts upon errors assigned, if the judgment of the Appellate Court be that the order, judgment or decree of the court below be affirmed, or if final judgment or decree be rendered therein in the Appellate Court, or if the judgment, order or decree of the Appellate Court be such that no further proceedings can be had in the court below, except to carry into effect the mandate of the Appellate Court, any party to such cause shall be permitted to remove the same to the Supreme Court by appeal or writ of error."

Section 8 of chapter 37 of our statutes (Hurd's Stat. 1899, p. 525,) provides: "The said Appellate Courts  *  *  * shall  *  *  *  have jurisdiction of all matters of appeal, or writs of error from the final judgments, orders or decrees of any of the circuit courts  *  *  *  in any suit or proceeding at law, or in chancery other than criminal

cases, not misdemeanors, and cases involving a franchise or freehold or the validity of a statute. Appeals and writs of error shall lie from the final orders, judgments or decrees of the circuit * * * courts * * * directly to the Supreme Court, in all criminal cases and in cases involving a franchise or freehold or the validity of a statute. In all cases determined in said Appellate Courts, in actions *ex contractu*, wherein the amount involved is less than one thousand dollars ($1000), exclusive of costs, * * * and the judgment is affirmed or otherwise finally disposed of in the Appellate Court, the judgment, order or decree of the Appellate Court shall be final, and no appeal shall lie or writ of error be prosecuted therefrom."

The decree of the circuit court in this case having been affirmed and finally disposed of by the Appellate Court, and being of such character that no further proceeding can be had in the court below "except to carry into effect the mandate of the Appellate Court" affirming the decree of the lower court, no appeal can lie to this court unless the amount involved exceeds $1000, exclusive of costs, or a franchise or a freehold or the validity of a statute is involved, or unless a certificate of importance has been granted by the Appellate Court. In this case, while the total amount of the insurance policy, which covered the barn as well as the contents thereof, exceeded $1000, yet the loss of the barn was paid under the policy without suit, and the full amount involved here is but $200, to cover the insurance of the contents of the barn. This is an action *ex contractu*. The form of the proceeding, whether in law or in equity, is immaterial, as the legislature, in using the expression "actions *ex contractu*," had reference to the nature of the cause of action rather than to the form of the proceeding for its enforcement. (*Umlauf* v. *Umlauf*, 103 Ill. 651.) There is no question raised as to the validity of a statute, nor is a franchise or a freehold involved, neither has a certificate of importance been granted by the Appellate Court.

Such being the state of the record, this court has no jurisdiction. *McGuirk* v. *Burry*, 93 Ill. 118; *Moore* v. *Williams*, 132 id. 591; *Towne* v. *Towne*, 191 id. 478.

For the reasons above stated the appeal from the Appellate Court is dismissed.

*Appeal dismissed.*