WILLIAM HILL

*v.*

JESSE F. VIELE *et al.*

*Opinion filed December 22, 1906—Rehearing denied Feb. 12, 1907.*

1. APPEALS AND ERRORS—*jurisdiction of indirect appeal does not depend upon the conditions necessary for direct appeal.* Jurisdiction of an appeal from the Appellate Court to the Supreme Court does not depend upon the existence of the conditions which would justify a direct appeal to the Supreme Court.

2. SAME—*Appellate Court has jurisdiction of appeal in proceeding to have a deed declared a mortgage.* An appeal from a decree dismissing, for want of equity, a bill to have a deed absolute in form declared to be a mortgage, to permit redemption therefrom, and to cancel an intervening deed or have it declared to be an assignment of the mortgage, is properly taken to the Appellate Court.

3. SAME—*when certificate of importance is necessary.* A certificate of importance is necessary to give the Supreme Court jurisdiction of an appeal from the Appellate Court in a proceeding to have a deed absolute in form declared to be a mortgage and to permit redemption therefrom, where the amount involved is less than $1000.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Lake county; the Hon. C. H. DONNELLY, Judge, presiding.

EDWARD C. FITCH, (JOEL C. FITCH, of counsel,) for appellant.

L. D. LOWELL, and D. T. SMILEY, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The complainant, William Hill, filed his bill in the circuit court of Lake county against the defendants, Jesse F. Viele, Charles Jahnke and Charlotte Strobach, (known as Charlotte Meier,) in which he alleged that on December 3, 1895, he was the owner in fee simple of certain real estate in the village of Barrington, Lake county, which he occupied as a homestead; that on April 4, 1896, by warranty deed he conveyed the premises to the defendant Charlotte Strobach, which deed, while in form an absolute conveyance, was intended to operate as a mortgage to secure $300 which he owed to her, and also to secure her to the extent of $400 which he was from time to time to borrow from her, making a total of $700; that afterwards she made a written condition of defeasance declaring said deed to be a mortgage; that before the deed was filed for record an execution was levied upon the premises, and on January 8, 1896, they were sold to the defendant Jahnke but without setting off or protecting the homestead rights of complainant; that while the complainant and Charlotte Strobach were negotiating for a settlement of the difference between them she wrongfully conveyed the premises to the defendant Jesse F. Viele by warranty deed dated March 5, 1901; that the defendant Viele at the time of said conveyance had full knowledge that the deed in question was a mortgage and that Char-

lotte Strobach did not own the premises; that Charlotte Strobach, Charles Jahnke and Jesse F. Viele conspired together, by means of said deed to Viele, to defraud complainant of his rights in the said premises; that Viele had full knowledge of the rights and equities of the complainant in said premises; that Viele had commenced a forcible entry and detainer suit against complainant to recover possession of the same, relying on his deed ·and that complainant could not make proper defense in an action at law. The prayer of the bill was that the deed to Charlotte Strobach be decreed to be a mortgage; that the deed to Viele be set aside or declared an assignment of said mortgage; that the title to said premises to the extent of a homestead be declared in complainant, subject to a loan of Charlotte Strobach for such sum as may appear on accounting to be due her, and that upon payment of said sum she be required to re-convey the premises to the complainant; that Viele be enjoined from further prosecuting the forcible entry and detainer suit and from commencing other suits against complainant, or otherwise interfering with his possession of the premises. The defendant Charlotte Strobach (or Meier) was defaulted and a decree *pro confesso* entered against her. The defendants Jahnke and Viele filed their answer, in which they admitted that Hill owned the premises on December 3, 1895, and made the deed to Mrs. Strobach on April 4, 1896; that the premises were sold to Jahnke on execution sale January 8, 1896. The answer expressly denies all other allegations of the bill, and insists that the deed to Viele was an absolute deed and not an assignment of a mortgage. Upon issue being joined the evidence was taken in open court before the chancellor and a decree entered dismissing the bill for want of equity. An appeal was prosecuted to the Appellate Court, where the decree was affirmed, and a further appeal has been prosecuted to this court.

With this case was taken a motion by counsel for appellees to dismiss the appeal for want of jurisdiction in this

court. The disposition of that motion, in our view, must dispose of the case.

As will be seen from the foregoing statement of facts, the purpose of the bill was to have a deed absolute on its face declared a mortgage to secure an indebtedness of $700 due from the grantor to the grantee and to redeem from such mortgage by the payment of said indebtedness. We have many times held that a bill to foreclose a mortgage does not involve a freehold, and therefore this court is without jurisdiction on a direct appeal in such cases; also that a bill to have an absolute deed declared a mortgage and to foreclose the same or to redeem from such mortgage is, in effect, the same as a proceeding upon a simple mortgage. These decisions were recognized by the complainant below by prosecuting his appeal from the decree of the circuit court dismissing the bill to the Appellate Court for the Second District. Therefore the objection that this court has no jurisdiction because there is no question raised as to the validity of a statute nor a franchise or freehold involved is not well taken. This is not a direct appeal, and therefore that question cannot arise.

The objection, however, that no certificate of importance has been granted by the Appellate Court for the Second District must be sustained. (*Aikin* v. *Cassiday,* 105 Ill. 22; *Sedgwick* v. *Johnson,* 107 id. 385; *Rimmer* v. *O'Brien-Green Co.* 165 id. 31.) The holding in these cases is to the effect that in a proceeding to foreclose a mortgage where the amount involved is less than $1000 the judgment of the Appellate Court is final, in the absence of a certificate of importance.

The motion to dismiss will be sustained.

*Appeal dismissed.*