V. R. LANSINGH *et al.* Exrs., Plaintiffs in Error, *vs.* SARA
B. DEMPSTER *et al.* Defendants in Error.

*Opinion filed June 21, 1912—Rehearing denied October 2, 1912.*

1. PRACTICE—*section 121 of Practice act now governs whole
subject of appeals from Appellate Court.* The Practice act of 1907
and the amendments of 1909 repealed section 90 of the former
Practice act and that part of section 8 of the Appellate Court act
concerning the subject of appeals from the Appellate Court to the
Supreme Court, and that whole subject is now covered by sec-
tion 121 of the Practice act, and such appeals are now restricted
to those cases, regardless of the amount involved, in which a cer-
tificate of importance is granted.

2. SAME—*when jurisdiction to grant writ of certiorari is lim-
ited by amount of judgment.* The limitation of section 121 of the
Practice act, that in actions *ex contractu* or sounding in damages
there must be a judgment for more than $1000 in order that the
Supreme Court may grant a writ of *certiorari* to review the judg-
ment of the Appellate Court, applies to all cases, either at law or
in equity, where the object of the suit is the recovery of money,
only, and no other independent relief is sought, excepting cases
involving a penalty.

3. SAME—*when writ of certiorari cannot issue.* A proceeding
to suggest damages for the wrongful suing out of an injunction,
which proceeds to a hearing and decree before the final hearing
on the injunction bill, is an independent proceeding for the recov-
ery of money, and, whether regarded as an action *ex contractu* or
as sounding in damages, the Supreme Court is without jurisdiction
to grant a writ of *certiorari* to review the judgment of the Ap-
pellate Court affirming a decree of the trial court, which found
that the proceeding had abated.

WRIT OF ERROR to the Branch "B" Appellate Court for
the First District;—heard in that court on appeal from
the Circuit Court of Cook county; the Hon. LOCKWOOD
HONORE, Judge, presiding.

ROBERT F. PETTIBONE, and WILLIAM S. FREEMAN, for
plaintiffs in error.

CANNON & POAGE, and ASHCRAFT & ASHCRAFT, (E. M.
ASHCRAFT, of counsel,) for defendants in error.

255 — 11

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

David S. Dempster filed a bill in the circuit court of Cook county for the purpose of determining the ownership of 455 shares of the stock of the Rosehill Cemetery Company which were held in the name of Killian V. R. Lansingh, and of compelling an accounting for and delivery of so much of such stock as should be found due the complainant. A preliminary injunction was obtained enjoining Lansingh from selling, assigning, encumbering, transferring or otherwise disposing of the stock or collecting the dividends on it. This injunction continued in force for seventeen months and was then dissolved on Lansingh's motion. Suggestions of damages were filed, and upon a hearing a decree was entered allowing damages against the complainant, from which he appealed. The complainant died pending the appeal, and his executors, the defendants in error, were substituted for him. The decree was reversed. (234 Ill. 381.) Upon filing the remanding order in the circuit court Lansingh moved the re-instatement of the cause, and the defendants in error resisted the motion on the ground that the cause of action did not survive against them as executors. The court ordered the cause re-instated, reserving the question of the survival of the claim for damages against the executors. Afterward Lansingh died, and the plaintiffs in error, his executors, suggested his death and moved that they be substituted and allowed to prosecute the cause in his stead. The court overruled the motion, holding that the action abated on the death of David S. Dempster and that no right of action survived either against his estate or in favor of that of Lansingh, ordered that the proceeding for ascertaining damages on the suggestion of damages filed be removed from the docket and dismissed, and entered judgment of abatement. The Appellate Court having affirmed this order, the record of

that court has been brought here by a writ of *certiorari* for review.

The only question in the circuit court or Appellate Court was that of the survival of the proceeding. The defendants in error have, however, made a motion here to dismiss the writ, which raises the question of the jurisdiction of this court and which was reserved to the hearing.

Section 121 of the Practice act provides that the judgments and decrees of the Appellate Courts shall be final in all cases except those in which the constitution requires appeals to and writs of error from the Supreme Court to be allowed, and except, also, cases in which the Appellate Courts may grant certificates of importance and cases in which the Supreme Court may grant writs of *certiorari*. The cases in which writs of *certiorari* may be granted are defined, as follows: "(2) In any such case as is hereinbefore made final in the said Appellate Courts, it shall be competent for the Supreme Court to require, by *certiorari* or otherwise, any such case to be certified to the Supreme Court for its review and determination with the same power and authority in the case, and with like effect, as if it had been carried by appeal or writ of error to the Supreme Court: *Provided, however,* that in actions *ex contractu* (exclusive of actions involving a penalty) and in all cases sounding in damages the judgment, exclusive of costs, shall be more than $1000." The judgment merely found the cause abated and struck it from the docket, and was therefore not more than $1000. If the action was *ex contractu,* not involving a penalty, or sounded in damages, the case was not one in which the statute authorizes the writ of *certiorari. LaMonte* v. *Kent,* 253 Ill. 230.

The plaintiffs in error insist that the proviso quoted has no reference to suits in equity, and they cite *Chicago Auditorium Ass'n* v. *Fine Arts Building,* 244 Ill. 532, *Thomas* v. *Thomas,* 250 id. 354, *Lesher* v. *Lesher,* id. 382, *Justice* v. *Wilkins,* 251 id. 13, and *Fox* v. *Simons,* id. 316, all but

one being cases in equity in which the bills were dismissed and decrees were rendered in favor of the defendants and in which writs of *certiorari* were issued. None of those cases, however, was of that character in which the right of appeal was dependent upon the amount of the judgment. In none of them was a money judgment sought or could one have been rendered. The first was a bill to set aside a valuation of real estate for the purpose of fixing the amount of rent under a lease; the second a cross-bill in a divorce suit seeking the custody of children; the third a divorce suit; the fourth an application for the appointment of an administrator, and the last a bill to compel the assignment of certain oil and mineral leases. In such cases, it is true, the proviso has no application, because the nature of the case is such that no money judgment can be rendered, except sometimes as ancillary to the main relief sought. Under the statute the record of the Appellate Court may be required to be certified to the Supreme Court in any case, with the limitation that in any action *ex contractu* or sounding in damages there must be a judgment for more than $1000. This limitation has been held to apply, whether the proceedings are at law or in equity, where the object of the suit is the recovery of money, only, and no other independent relief is sought. It has been so held in cases of the foreclosure of mortgages; (*Akin* v. *Cassiday,* 105 Ill. 22; *Sedgwick* v. *Johnson,* 107 id. 385; *Jordan* v. *Moore,* 128 id. 56; *Hedley* v. *Geissler,* 189 id. 172;) mechanics' liens; (*Rimmer* v. *O'Brien-Green Co.* 165 Ill. 31; *Davis* v. *Upham,* 191 id. 372;) creditors' bills; (*Farwell* v. *Becker,* 129 Ill. 261; *Walker* v. *Malin & Co.* 94 id. 596; *Aultman & Taylor Co.* v. *Weir,* 134 id. 137;) reformation and collection of an insurance policy; (*Clinton County Ins. Co.* v. *Zeigler,* 201 Ill. 371;) separate maintenance; (*Umlauf* v. *Umlauf,* 103 Ill. 651; *Crittenden* v. *Crittenden,* 138 id. 511;) and accounting. *Moore* v. *Williams,* 132 Ill. 591.

The words, "in actions *ex contractu* * * * and in all cases sounding in damages," refer not to the form of proceeding by which a cause of action may be enforced, but the nature of the cause of action itself. It was the manifest intention of the legislature that the amount of the judgment should determine the jurisdiction of the Supreme Court to issue a writ of *certiorari* in all cases where the only object of the suit is the recovery of money, whether the cause of action arises out of contract or sounds in damages and whatever the nature of the proceeding. The same words appear in section 8 of the Appellate Court act, (Laws of 1877, p. 71,) and they have always been held to apply, not to the form of the proceeding, but to the nature of the cause of action, and to limit the right to an appeal or writ of error whether the proceedings were at law or in equity. *Clinton County Ins. Co.* v. *Zeigler, supra; Umlauf* v. *Umlauf, supra; Baber* v. *Pittsburg, Cincinnati and St. Louis Railroad Co.* 93 Ill. 342.

In the last case the court, in construing section 8 of the Appellate Court act in connection with section 90 of the Practice act, gave to the expression "sounding in damages" a meaning more restricted than its ordinary signification. This was made necessary by the fact that section 90 of the Practice act gave an unrestricted appeal from the Appellate Court to the Supreme Court in all cases where the amount in controversy exceeded $1000, while section 8 of the Appellate Court act made the judgment of the Appellate Court final in actions *ex contractu* where the amount involved was less than $1000, and also in all cases sounding in damages where the judgment of the court below was less than $1000. Thus, among other inconsistencies between the two sections, which were passed by the General Assembly and became operative on the same day, were the appeals allowed under the Practice act in actions sounding in damages when the amount in controversy should exceed $1000, and under the Appellate Court act only where

the judgment was for $1000 or more,—in the one case dependent on the amount in controversy, in the other on the amount of the judgment. The method of reasoning whereby the Supreme Court, speaking through Mr. Justice Mulkey, construed the two sections together, restricted the meaning of the words "sounding in damages" and placed the whole subject upon a rational and practical basis, appears in the *Baber case, supra,* and need not be stated here. That reasoning does not apply to the present situation. The Practice act of 1907 and the amendments of 1909 repealed both that part of section 8 of the Appellate Court act which has been referred to, and section 90 of the former Practice act. The whole subject of appeals from the Appellate to the Supreme Court is now covered by section 121 of the Practice act, and they are restricted to cases, regardless of the amount involved, in which the judges of the Appellate Court may grant a certificate of importance. The provision in regard to the jurisdiction of the Supreme Court to grant writs of *certiorari* for the purpose of reviewing judgments of the Appellate Courts which would otherwise be final is entirely new legislation. There is no reason why the words in which that jurisdiction is defined should not receive their ordinary meaning. There is no occasion for interpretation. There are no apparent inconsistencies or incongruities in this legislation to be reconciled. It is apparent that the legislative intention was, that where the object of a suit was merely the recovery of money, except in cases involving a penalty, the judgment should not be reviewed by *certiorari* if it was for $1000 or less. The words are apt to express that intention. "*Ex contractu*" does not cover all cases, nor does "sounding in damages." The two expressions overlap, but together they do cover all cases.

There were several issues in the suit in the circuit court. The first was upon the ownership of the stock and the right of the complainant to any part of it. The second was

upon the necessity for an injunction which would answer the purpose of an attachment and secure to the complainant the benefit of his decree, if he should obtain one. The third arose upon the filing of the suggestion of damages, and involved the right of recovery and the amount (if any) to be recovered. While connected with the same subject matter, these issues proceeded independently and separate decrees were rendered upon each. The injunction came in as an adjunct to the bill. It proceeded to a separate hearing and an order was made dissolving the injunction. This was final on that issue and no appeal could be prosecuted from it, though it did not affect any other issue. Thereupon the defendant introduced another issue by filing his suggestion of damages. This was as entirely independent of the bill as an action of assumpsit or case. Its sole object was to recover unliquidated damages for the wrongful suing out of the injunction. It proceeded to a hearing and decree before any final hearing on the bill, and an appeal was taken from that decree. Afterward there was a separate hearing on the bill and a decree dismissing it, from which another appeal was taken, and the decree was affirmed. (244 Ill. 402.) The proceeding sought to be reviewed was only the suggestion of damages,—the proceeding to recover damages for wrongfully suing out the injunction. No other issue was sought to or could be considered. Plaintiffs is error regarded the proceeding as growing out of contract; a suit upon an implied promise of indemnity; an action *ex contractu.* The defendants in error regard it as an action of tort sounding in damages, growing out of the wrongful suing out of the injunction; an action *ex delicto.* Whether the one view is accepted or the other, the proceeding is of that character to which the limitation because of the amount of the judgment applies, and since there was no judgment of more than $1000 the writ of *certiorari* was improvidently allowed.     *Writ dismissed.*