### Ezra B. McCagg, Exr.

*v.*

### Catherine C. Touhy *et al.*

*Opinion filed February 21, 1906—Rehearing denied April 4, 1906.*

Appeals and errors—*when certificate of importance is necessary.* A certificate of importance is essential to the jurisdiction of the Supreme Court to entertain an appeal from a judgment of the Appellate Court affirming a foreclosure decree in all respects except as to the matter of allowing a solicitor's fee of $150, when the only question involved relates to the matter of the solicitor's fee, the right to which rests wholly in the contract.

Writ of Error to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. Axel Chytraus, Judge, presiding.

John M. Blakeley, for plaintiff in error.

William R. Chamberlain, for defendants in error.

Mr. Justice Ricks delivered the opinion of the court:

This was a bill to foreclose a trust deed on certain real estate in Cook county, the suit being brought by Ezra B. McCagg, as executor, etc., of Amanda S. Cook, deceased,

who was the owner of the $3000 note in question. Arthur B. Wells, the trustee named in the deed of trust to secure the note, refused to foreclose the trust deed when it became due, which made it necessary for the holder of the note to bring foreclosure proceedings. John M. Blakeley, who was the law partner of Arthur B. Wells, the trustee, was employed as solicitor by the executor to foreclose the trust deed. The deed of trust provided for five per cent attorney's fee to be taxed as costs in case of foreclosure. The cause was referred to a master in chancery to take proofs and report conclusions. The master reported the amount due upon the trust deed and recommended the allowance of $150 to complainant as solicitor's fee, as provided for in the trust deed. Objections and exceptions were filed as to the allowance of attorney's fees, and overruled. Objections were also filed as to the amount of fees allowed to the master, which were overruled and a decree accordingly entered. A writ of error was sued out of the Appellate Court by defendants in error in this court to review that decree, and upon a hearing before the Appellate Court judgment was entered affirming the decree in every respect except as to the solicitor's fee, and this writ of error is sued out to review that judgment, without, however, a certificate of importance. The only question, therefore, presented is whether or not it was proper to allow a solicitor's fee to be taxed as costs and which should go to Blakeley, who was a partner of Wells, the trustee. ·

Paragraph 25 of chapter 37 (Hurd's Stat. 1903, p. 569,) provides: "In all cases determined in said Appellate Courts, in actions *ex contractu,* wherein the amount involved is less than one thousand dollars ($1000) exclusive of costs, * * * and the judgment is affirmed or otherwise finally disposed of in the Appellate Court, the judgment, order or decree of the Appellate Court shall be final, and no appeal shall lie or writ of error be prosecuted therefrom."

The decree of the circuit court being affirmed by the judgment of the Appellate Court in all things except as to

the attorney's fee, and being of such a character that no further proceeding can be had in the court below except to carry into effect the judgment of the Appellate Court, the right to an attorney's fee being by contract only, under our statute no appeal can lie to this court unless the amount involved exceeds $1000 exclusive of costs, unless a franchise or a freehold or the validity of a statute is involved or a certificate of importance has been granted by the Appellate Court. While the amount involved in the bill to foreclose the mortgage exceeds $1000, yet the only question presented to us for our consideration by the errors assigned and argued by counsel is in reference to the attorney's fee, and is on an action *ex contractu.*

In the case of *Clinton Mutual County Ins. Co.* v. *Zeigler,* 201 Ill. 371, it is said that the form of the proceedings, whether in law or in equity, is immaterial in actions *ex contractu,* and in *Oliver* v. *Wilhite,* 201 Ill. 552, it is said (p. 564) : "When, however, a decree in chancery is severable,—that is, composed of distinct parts having no bearing upon each other,—each part may be treated as a distinct decree and an appeal taken from one part without affecting the other."

The only part of the decree which this writ of error is sued out to review is in reference to the $150 solicitor's fee, and being for less than $1000 and no validity of a statute or a franchise or a freehold being involved, and there being no certificate of importance, this court is without jurisdiction. *McGuirk* v. *Burry,* 93 Ill. 118; *Moore* v. *Williams,* 132 id. 591; *Towne* v. *Towne,* 191 id. 478.

For the reasons above stated the writ of error is dismissed.                        *Writ dismissed.*