EDWARD D. KEYS *et al.* Executors and Trustees, Appellees, *vs.* ADDIE B. WOHLGEMUTH, Exrx., Appellant.

*Opinion filed June 16, 1909.*

1. WILLS—*when residue of a trust fund must be divided as directed by will.* Where a will giving a specific legacy, to be held in trust for two years, and providing that the trustees may, in their discretion, pay to the *cestui que trust* a part or all of the principal, expressly directs what division shall be made of any residue at the death of the *cestui que trust,* such direction must be followed if the death of the *cestui que trust* occurs during the existence of the trust, regardless of the question whether he would have taken the money absolutely had it been paid to him by the trustees.

2. SAME—*when limitation as to residue applies only to the particular item.* Where the words "in the event of his death, if any money or real estate property be left given by me, it shall be equally divided between my two children above named and their heirs," occur in an item devoted entirely to giving one son a life estate in certain land and a specific legacy in trust, the limitation therein contained will be restricted to the particular item, and will not govern the disposition of a vested interest in remainder given to such son by subsequent provisions disposing of the residuary estate.

3. COSTS—*when the costs of a bill to construe will are properly chargeable to estate.* Where it is necessary for the protection of trustees to file a bill asking for the construction of a will and the direction of the court as to the proper disposition of the funds in their hands the costs of the proceeding are properly chargeable against the estate.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

ALONZO HOFF, for appellant.

JAMES H. MATHENY, for appellees E. D. Keys and Ernest H. Helmle, executors and trustees.

ALBERT SALZENSTEIN, for appellees Henry B. Lubbe and Mabel Lubbe.

Mr. JUSTICE DUNN delivered the opinion of the court:

This was a bill filed in the circuit court of Sangamon county by the executors of the will of Henry Wohlgemuth, deceased, who were also trustees under that instrument, praying for the direction of the court as to the distribution of certain money and property in their hands to which Henry J. Wohlgemuth would be entitled if living, and also for the like direction in regard to the administration of a certain trust fund created by said will. The decree of the circuit court having been affirmed by the Appellate Court, the judgment of the latter court is brought here for review by the appeal of the executrix of William C. Wohlgemuth, a devisee under the will.

Henry Wohlgemuth died in 1905 and his will was admitted to probate in the probate court of Sangamon county. He left no widow. His heirs were his three children, Henry J. Wohlgemuth, William C. Wohlgemuth and Mabel Wohlgemuth Lubbe, referred to in his will as Mabel Arnold. William C. Wohlgemuth died the month after his father and Henry J. Wohlgemuth a year later. William had no children but left a widow, Addie B. Wohlgemuth, the appellant, to whom by his will, which was also duly probated in Sangamon county, he devised all his property. Henry left no child or widow, his sister, Mabel Lubbe, being his sole heir, and administration on his estate was granted to Henry B. Lubbe. The controversy in the case relates to the interest devised to Henry J. Wohlgemuth by the seventh, eighth, ninth and tenth items of said will, and a codicil thereto, the parts of which necessary to be considered are as follows:

"*Item seventh*—I give and devise to my son Henry J. Wohlgemuth lot thirteen (13), in block fourteen (14), in E. Iles' second addition to the city of Springfield, Sangamon county, Illinois. I also give and bequeath to my son Henry J. Wohlgemuth two thousand dollars ($2000), to be paid to him out of my personal estate not otherwise spe-

cifically bequeathed in this will. I direct that it be held in trust by my executors, whom I hereby appoint also as trustees for the purposes named in this will, for two years, that it be invested in interest-bearing security and he have the benefit thereof. If the interest and rent he received be not sufficient for his reasonable, fair maintenance, my executors, as such trustees, may, in their judgment, give him part of the principal should it be necessary so to do, or should he be able to better his condition by paying it all, they will, in their discretion, have power to pay it over to him. In the event of his death, if any money or real estate property be left given to him by me, it shall be equally divided between my two children above named and to their heirs. I give and bequeath to my son Henry J. Wohlgemuth my watch and chain.

"*Item eighth*—It is my will and I do bequeath the fifty (50) shares of the capital stock which I hold in the Farmers' National Bank of Springfield, Illinois, together with what other moneys, effects of personal property or real estate I may hold, to the trustees herein named, and they shall have power to rent said real estate, to make repairs, to pay taxes and assessments, and to keep the same insured, to collect the dividends on said bank stock and cast the votes of the same, to sell and assign said bank stock and receive the proceeds thereof. If in their judgment it be deemed best to divide the bank stock, divide the same in five parts, and assign twenty (20) shares to my daughter, Mabel Arnold, twenty (20) shares to my son William Wohlgemuth and ten (10) shares to son Henry J. Wohlgemuth. I desire and it is my will that all proceeds from interest, rents and the like, enough shall be applied to the expense of the trust created in this item, including a reasonable compensation to said trustees, respectively, and to the payments that may be necessary to preserve and protect the trust. And said trustees shall give a reasonable bond for the faithful performance of their duties as trustees.

"*Item ninth*—I will and so desire, in the event of my death and God wills that my beloved daughter survive me, that she remain in occupancy of my homestead, if she so desire, for one year, when it shall be optional with my trustees herein named to sell or dispose of the property to the best advantage, if in their judgment it be advisable to do so; also including all other property of real estate on such terms as may be to the best interest for the heirs. The proceeds derived therefrom the sale of said real estate, after all expenses shall have been met, be divided between my children, daughter, Mabel Arnold, two-fifths; son William Wohlgemuth two-fifths; son Henry J. Wohlgemuth one-fifth; except my household goods, carriages, horses, office furniture and fixtures, instruments and equipments, which is disposed of in item 4. All other money or effects or proceeds of my estate from sale of property or otherwise, not specifically set apart in items 5, 6 and 7, or otherwise, shall be divided in like manner as above, two-fifths to daughter, Mabel Arnold, two-fifths to son William Wohlgemuth and one-fifth to son Henry J. Wohlgemuth. * * *

"*Item tenth*—I will and so declare that the sum of two thousand dollars ($2000) be set apart safely invested in interest-bearing security, and the proceeds to go to my dear sister, Johanna Frauman, widow of the late George F. Frauman, she being a resident of Beardstown, Illinois, during her natural life; after her death my trustees to pay all of her funeral and other expenses and debts against her out of the two thousand dollars ($2000) so set apart, and the remainder to go to my children, to be divided between them in like manner as above, as provided in item 9. * * *

"*Codicil*—Whereas by my last will and testament, dated February 13, 1901, I provided in item 10: 'I will and so declare that the sum of two thousand dollars ($2000) be set apart and safely invested in interest-bearing security,' etc. I declare that the sum be made three thousand dollars ($3000) instead, and so invested as stated in item 10

as long as she, Johanna Frauman, lives; and if the income of the $3000 invested does not realize a sufficient sum for her maintenance, my executors appropriate a sufficient amount out of the principal, not to exceed the sum of one hundred dollars annually. Furthermore, I provide that the executors of this my last will and testament pay her funeral and other expenses at her death, provided she not have means of her own belongings to meet the same. The remainder of the three thousand dollars so set apart during her lifetime go to my children, to be divided between them as provided in item 9 of this will."

The trustees have fully executed the will and performed all the trusts created thereby, except the distribution of the money and bank stock to which Henry J. Wohlgemuth would be entitled if living and the disposition of the trust fund for Johanna Frauman. They hold $1655.24 balance of the legacy contained in item 7; $3457.24 distributive share under items 8 and 9; ten shares of bank stock, and $2950 balance of the trust fund in favor of Johanna Frauman. Addie B. Wohlgemuth, as executrix and sole devisee of her husband, claims one-half of the money and stock which Henry J. Wohlgemuth would be entitled to if living, while Mabel Wohlgemuth Lubbe and Henry B. Lubbe, as sole heir and administrator of Henry J. Wohlgemuth, claim it all.

By previous items in his will the testator gave to his son William and to his daughter certain real estate in fee simple, absolutely. The seventh item contains a specific devise to Henry of real estate, but of a life estate only. It also contains a legacy of $2000, but this, too, is limited, being left to trustees for two years for investment, with the power of paying all or part of it to him within that period, in their discretion. He died within the period, leaving the balance above mentioned in the hands of the trustees. It is claimed by the sister that the $2000 legacy is an absolute gift, and the limitation over on Henry's death

is repugnant to the gift and therefore void. This sum was left in trust. During the existence of the trust, at least, it was held subject to the testator's directions, which were, in case of Henry's death, to divide what was left equally between the surviving brother and sister. The question does not arise whether he would have taken the money absolutely if it had been paid over to him. It is entirely clear that, his death having occurred within two years after the testator's, the money held in trust is to be divided as directed by the will.

Appellant's contention that she should have one-half of the bank stock and money mentioned in items 8 and 9, and of the remainder of the Johanna Frauman trust fund, is based upon the proposition that the language of item 7, "in the event of his death, if any money or real estate property be left given to him by me, it shall be equally divided between my two children above named and to their heirs," applies as well to the subsequent parts of the will as to that item. We do not agree with this contention. This item makes specific bequests to Henry, as previous items had to the testator's other children. The language is to be confined to the subject matter mentioned in that item. The bequests consisted of real property and money, and the direction for the division, in case of his death, of any real property and money that might be left, given to him by the testator, applied only to the real property and money mentioned in those specific bequests. This item of the will was a separate and independent part thereof and the language used in it applied to the special and particular subject matter thereof, and did not control the later provisions of the will, in which the testator undertook to dispose of all his residuary estate. If he had intended them to be controlled, so far as Henry was concerned, by the same limitations as the specific bequests mentioned in item 7, it would have been natural to refer to those limitations. He did not do so, but directed in item 9 that "all other money or effects

or proceeds of my estate from sale of property or otherwise," (language much broader than "any money or real estate property") "not specifically set apart in items 5, 6 and 7, or otherwise, shall be divided in like manner as above, two-fifths to daughter, Mabel Arnold, two-fifths to son William Wohlgemuth and one-fifth to son Henry J. Wohlgemuth." This language is unlimited and is not controlled by that of item 7.

The remainder of the $3000 trust fund for Johanna Frauman was directed to be divided among the children, as provided in item 9. It follows from what we have said that these interests in remainder vested upon the testator's death; that upon William's death his interest, by virtue of his will, devolved upon appellant, and upon Henry's death his interest descended to Mrs. Lubbe, and that upon Johanna Frauman's death appellant will be entitled to two-fifths and Mrs. Lubbe to three-fifths of the remainder, if any, of the trust fund. The decree of the circuit court was in accordance with the views we have expressed, and the judgment of the Appellate Court affirming it will therefore be affirmed.

The will provided for the payment of the expenses of the trust out of the funds of the estate. The bill was properly filed by the trustees for their protection and the costs are properly chargeable to the estate. The decree directed the payment of four-fifths of the costs by the administrator of Henry J. Wohlgemuth and one-fifth by the executrix of William C. Wohlgemuth. In this respect the decree will be modified by directing the payment of all the costs in all the courts to be made by the trustees out of the residuary funds of the estate.        *Decree modified and affirmed.*