WILLIAM O. LAMONTE, Petitioner, *vs.* WILLIAM KENT et al. Respondents.

*Decision announced orally February 14, 1912.*

1. PRACTICE—*source of power of the Supreme Court to review judgments of Appellate Court by writ of certiorari.* The power of the Supreme Court to issue a writ of *certiorari* to bring before it for review a judgment of the Appellate Court is derived from section 121 of the Practice act of 1909. (Laws of 1909, p. 304.)

2. SAME—*rule as to granting certificates of importance.* Under the Practice act, as amended in 1909, the Appellate Court may grant a certificate of importance in any case, whether the judgment be for more or less than $1000, exclusive of costs.

3. SAME—*the judgment must be for more than $1000 to be reviewable by certiorari.* The Supreme Court cannot issue a writ of *certiorari* to review a judgment of the Appellate Court affirming 'a judgment in an action *ex contractu* or sounding in damages unless the judgment, exclusive of costs, exceeds $1000; and this is true notwithstanding the amount claimed by the pleadings exceeds $1000 and there was no trial of an issue of fact in the trial court.

4. SAME—*section 121 of the Practice act repeals portion of section 8 of the Appellate Court act.* Section 121 of the Practice act, as amended in 1909, repeals that portion of section 8 of the Appellate Court act providing that in all actions where there was no trial of an issue of fact in the lower court appeals and writs of error shall lie from the Appellate Court to the Supreme Court if the amount claimed in the pleadings exceeds $1000.

5. SAME—*how a judgment for costs may be reviewed.* Under section 121 of the Practice act the only way in which a judgment for costs in an action *ex contractu* or sounding in damages, which has been affirmed by the Appellate Court, can be reviewed is upon a certificate of importance.

PETITION for writ of *certiorari*.

EDWARD H. MORRIS, for petitioner.

HARLAN & McCANDLESS, for respondents.

Mr. JUSTICE COOKE announced the decision of the court:

The petitioner, William O. LaMonte, brought this action on the case for libel in the circuit court of Cook county against William Kent and Henry S. Fitch, claiming by his declaration $50,000 damages. To the declaration the respondents interposed six pleas, the first of which was the general issue and the third a plea of justification. On these two pleas issues were joined. To the other four pleas, and to the plea of the Statute of Limitations, which was interposed on behalf of respondent Kent, demurrers were sustained and defendants were given leave to amend three of the joint pleas. Under this leave two amended pleas were filed, to which demurrers were overruled. The petitioner

elected to stand by his demurrers, and it was ordered that the respondents go hence without day and judgment was entered against petitioner for costs. This judgment was affirmed by Branch "B" of the Appellate Court for the First District upon writ of error, and petitioner now seeks to have the record of the Appellate Court brought here for further review by writ of *certiorari*.

The power of this court to issue a writ of *certiorari* to bring before it for review a judgment of the Appellate Court is derived from section 121 of the Practice act, as amended and in force July 1, 1909. That section provides that the judgment of the Appellate Court shall be final in all cases except those wherein appeals and writs of error are specifically required by the constitution to be allowed to this court, and in two other classes of cases. The first of these two other classes are cases in which the Appellate Court shall grant certificates of importance, and the second, those which this court may require to be certified for its review and determination by *certiorari,* provided that in actions *ex contractu,* (exclusive of actions involving a penalty,) and in all actions sounding in damages, the judgment, exclusive of costs, shall be more than $1000. The Appellate Court may grant a certificate of importance in any case, whether the judgment be for more or less than $1000, but in actions *ex contractu* or actions sounding in damages where the judgment is for $1000 or less, no judgment of the Appellate Court can be reviewed in this court without a certificate of importance. In cases where the judgment is in excess of $1000 review may be had either upon certificate of importance or by writ of *certiorari*. The judgment in this case is against the plaintiff for costs, only, and therefore does not come within the terms of the Certiorari act.

Prior to the adoption of said amendment of 1909 to the Practice act the case at bar would have been removable

from the Appellate Court to this court by appeal or writ of error as a matter of right, under that portion of section 8 of the Appellate Court act which provides "that in all actions where there was no trial on an issue of fact in the lower court, appeals and writs of error shall lie from the Appellate Courts to the Supreme Court where the amount claimed in the pleadings exceeds one thousand dollars ($1000)." This provision of section 8 of the Appellate Court act has been repealed by said amended section 121 of the Practice act, which, as stated, provides that the judgments of the Appellate Court shall be final in all cases except those particularly enumerated. A case such as this, where the amount claimed in the pleadings exceeds $1000, and where there has been no trial of any issue of fact in the trial court, is not among the cases enumerated in section 121 of the Practice act as exceptions to the provision that the judgments of the Appellate Court shall be final in all cases. Under the present statute a judgment in an action *ex contractu,* or in an action sounding in damages which does not exceed $1000, may only be brought from the Appellate Court to this court for review where the Appellate Court shall grant a certificate of importance. We have no power or authority to bring up for review, by *certiorari,* a judgment of the Appellate Court in an action *ex contractu* or sounding in damages which, exclusive of costs, does not exceed $1000; and this is true whether or not there has been a trial of any issue of fact in the lower court.

The petition for a writ of *certiorari* will therefore be denied.                                      *Writ denied.*