THE MODERN WOODMEN OF AMERICA vs. MARY J. NY-
QUIST, Plaintiff in Error.—(JENNIE NYQUIST, Defend-
ant in Error.)

*Opinion filed February 16, 1916.*

1. CERTIORARI—*the judgment, exclusive of costs, must exceed
$1000 to be reviewable.* Under section 121 of the Practice act, as
amended in 1909, (Laws of 1909, p. 304,) the power of the Su-
preme Court to grant writs of *certiorari* in actions *ex contractu* is
limited to cases where the judgment, exclusive of costs, is more
than $1000, and if the amount of the judgment in such a case is
$1000 or less, the case can be brought from the Appellate Court
to the Supreme Court only upon a certificate of importance by the
Appellate Court.

2. SAME—*when decree on a bill of interpleader cannot be re-
viewed by writ of certiorari.* If the amount of the fund in contro-
versy under a bill of interpleader is not more than $1000, a judg-
ment of the Appellate Court reversing a decree granting the entire
fund to one party cannot be reviewed by the Supreme Court by
writ of *certiorari* even though the judgment of the Appellate Court
awards the entire fund to the other party; and this is true whether
or not the costs are to be paid from the fund. (*Voigt* v. *Kersten,*
164 Ill. 314, explained.)

WRIT OF ERROR to the Appellate Court for the Second
District;—heard in that court on appeal from the Circuit
Court of Rock Island county; the Hon. FRANK D. RAM-
SAY, Judge, presiding.

J. B. & J. L. OAKLEAF, for plaintiff in error.

SEARLE & MARSHALL, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

The Modern Woodmen of America, a fraternal bene-
ficiary society, filed in the circuit court of Rock Island
county its bill of interpleader against the plaintiff in error,
Mary J. Nyquist, and the defendant in error, Jennie Ny-
quist, adverse claimants for the proceeds of a benefit certifi-

cate issued by the society to Edward A. Nyquist for $1000, payable at his death. The fund was paid to the clerk of the court, and the plaintiff in error and the defendant in error filed their answers setting forth their claims to it. The issues were referred to a master in chancery to take the evidence and report the same with his conclusions of law and fact. He took the evidence and reported the same, together with his conclusion that the plaintiff in error was entitled to the fund. The chancellor overruled the exceptions of the defendant in error to the findings of the master and entered a decree awarding the fund to the plaintiff in error, with the exception of the court costs, which the decree found were to be paid from the fund by agreement of the parties. The defendant in error appealed to the Appellate Court for the Second District, and that court reversed the decree and remanded the cause, with directions to enter a decree awarding the fund to the defendant in error, with the exception of said costs, which were to be paid from the fund. The plaintiff in error filed her petition for a writ of *certiorari* to the Appellate Court, to which no reply was made, and the court, upon consideration of the facts alleged in the petition, awarded the writ.

Section 90 of the Practice act, as amended in 1877, provided for appeals from the Appellate Court in cases where the sum or value in controversy exceeded $1000, exclusive of costs. Under that section, construed in connection with section 8 of the Appellate Court act, appeals from the Appellate Courts were entertained by this court where the amount involved was $1000, and, on a bill of interpleader filed by a fraternal benevolent organization to determine which of two claimants was entitled to a fund of $1000, it was held that an order of the court that part of the amount should be paid as costs did not reduce the amount in controversy so as to affect the jurisdiction of this court. (*Voigt v. Kersten,* 164 Ill. 314.) The Practice act was revised in 1907, and provided, in section 121, what classes of cases

might be appealed from the Appellate Courts to this court. It was provided that appeals should lie in a class of cases where the sum or value in controversy exceeded $1000, exclusive of costs. The language was practically the same as in section 90 of the previous act, but upon a consideration of section 121 in connection with other provisions of the act it was held that appeals were only allowed in cases where the amount in controversy exceeded $1000. (*Atton v. South Chicago City Railway Co.* 236 Ill. 507.) Section 121 was amended in 1909, (Laws of 1909, p. 304,) and by it the power of this court to grant writs of *certiorari* in actions *ex contractu* is limited to cases where the judgment, exclusive of costs, is more than $1000. Under the present statute a judgment in an action *ex contractu* which does not exceed $1000 can only be brought from the Appellate Court to this court for review where the Appellate Court shall grant a certificate of importance. (*LaMonte v. Kent,* 253 Ill. 230.) The present statute, unlike the former one, which allowed an appeal from an Appellate Court where the sum or value in the controversy exceeded $1000, exclusive of costs, now limits the right of review by a writ of *certiorari* to cases where the judgment, exclusive of costs, shall be more than $1000. The decision in *Voigt v. Kersten, supra,* resulted from a construction of the former act, by which the right of appeal was governed by the amount involved in the litigation, but the question whether the same rule would apply under the present statute is not considered, for the reason that if the judgment should be regarded as for the full amount of the fund neither the judgment of the circuit court nor of the Appellate Court exceeded $1000.

The writ of *certiorari* was inadvertently allowed, and the writ of error is dismissed.     *Writ dismissed.*