(No. 11310.—Writ of error dismissed.)

F. A. BARBER, Plaintiff in Error, *vs.* THE ESTATE OF COBUS J. KEISER, Deceased.—(E. A. W. KEISER *et al.* Exrs., Defendants in Error.)

*Opinion filed June 21, 1917.*

1. APPEALS AND ERRORS—*meaning of the term "actions ex contractu," in section 121 of the Practice act.* In section 121 of the Practice act, providing for review by *certiorari* of certain judgments of the Appellate Court, the terms "actions *ex contractu*" and "all cases sounding in damages" are not used in their technical sense, but the term *"ex contractu"* is used to include all suits and proceedings, both at law and in,equity, for the enforcement of contracts where the measure of recovery is fixed or made approximately certain by some rule of law having reference to the nature of the cause of action rather than to the form of the proceeding.

2. SAME—*in an action ex contractu the judgment of the Appellate Court. against plaintiff for costs is final.* A proceeding to establish a claim against an estate is an action *ex contractu* within the meaning of section 121 of the Practice act, and a judgment in such case against plaintiff for costs, when affirmed by the Appellate Court, is final and not subject to review by the Supreme Court.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macoupin county; the Hon. NORMAN L. JONES, Judge, presiding.

ALEXANDER H. BELL, for plaintiff in error.

L. M. HARLAN, and JESSE PEEBLES, for defendants in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

F. A. Barber, the plaintiff in error, filed a claim in the county court of Macoupin county against the estate of Cobus J. Keiser, deceased. The claim was founded upon a judgment rendered by the district court at San Antonio, Texas, against defendants in error, as executors of the last will and testament of Cobus J. Keiser. Plaintiff in error failed to secure an allowance of the claim in the county court and an appeal was taken to the circuit court of Macoupin county. Trial was had in the circuit court and judgment was rendered in favor of defendants in error and against plaintiff in error for costs. Upon appeal to the Appellate Court for the Third District the judgment of the circuit court was affirmed, and the record has been brought here for review by writ of *certiorari.*

Section 121 of the Practice act provides that in cases wherein the judgment of the Appellate Court is made final this court may require, by *certiorari* or otherwise, such cases to be certified to this court for its review and determination, with the same power and authority and with like effect as if such cases had been brought up for review by appeal or writ of error, *"Provided, however,* that in actions *ex contractu* (exclusive of actions involving a penalty) and in all cases sounding in damages the judgment, exclusive of costs shall be more than $1000." Neither of the expressions "actions *ex contractu*" and "all cases sounding in damages" is used in its technical sense. The term *"ex contractu"* is ordinarily applied to actions at law as distinguished from suits in equity, but the term is here used to include all suits and proceedings, both at law and in equity, for the enforcement of contracts where the measure of recovery is

fixed or made approximately certain by some rule of law. (*Baber* v. *Pittsburg, Cincinnati and St. Louis Railroad Co.* 93 Ill. 342.) That term as here used has reference to the nature of the cause of action rather than to the form of the proceeding to enforce it. *Umlauf* v. *Umlauf,* 103 Ill. 651.

The question of the jurisdiction of this court was not raised at the time the petition for *certiorari* was presented. It is clear that we have no jurisdiction. This is an action *ex contractu* within the sense that term is employed in the Practice act, and as the judgment was against plaintiff in error for costs the judgment of the Appellate Court is final.

The writ of error is dismissed.

*Writ of error dismissed.*

---

(No. 11179.—Reversed in part and remanded.)
THE PEOPLE *ex rel.* Henry Stuckart, County Collector, Appellee, *vs.* TAYLOR A. SNOW, Appellant.

*Opinion filed June 21, 1917.*

1. CONSTRUCTION—*general rule for counting days in a statutory provision for publication.* As a general rule the time within which publication or any act provided by law is to be done is computed by excluding the first day and including the last.

2. TAXES—*when appropriation ordinance takes effect.* Under the provision of paragraph 64 of the Cities and Villages act that no appropriation ordinance shall take effect until ten days after it is published such an ordinance takes effect on the tenth day after the publication, not counting the day of publication.

3. SAME—*what is a sufficient publication of appropriation ordinance.* Publication of the annual appropriation ordinance of the city of Chicago in a noon edition of the *Chicago Evening Post* is a sufficient publication to satisfy paragraph 64 of the Cities and Villages act.

APPEAL from the County Court of Cook county; the Hon. JOHN H. WILLIAMS, Judge, presiding.

279 — 19