(No. 11622.—Writ dismissed.)

THE DIME SAVINGS AND TRUST COMPANY *et al.* Defendants in Error, *vs.* JULIA BALLANCE WATSON *et al.* Plaintiffs in Error.

*Opinion filed April 17, 1918.*

1. APPEALS AND ERRORS—*the words "exclusive of costs," in section 121 of the Practice act, do not prevent review of judgment for costs by certiorari.* A judgment for costs may be reviewed by *certiorari,* under section 121 of the Practice act, if it is for more than $1000, as the words "exclusive of costs," in said section, have reference to the judgment itself and are not applicable to the claim for which or about which the judgment is rendered.

2. SAME—*form of action does not determine jurisdiction of the Supreme Court under section 121 of Practice act.* It is the cause of action and not the form of the action that determines the jurisdiction of the Supreme Court to review a judgment by *certiorari* under section 121 of the Practice act, and said section applies to all chancery cases where the object of the suit is the recovery of money, only, and no other independent relief is sought.

3. SAME—*when a judgment cannot be reviewed by certiorari.* Where, after the mandate of the Supreme Court affirming a decree construing a will is filed, the cause is re-docketed on motion and a petition is filed to allow to the petitioners solicitors' fees and ex-

penses incurred in prosecuting the appeal, the proceeding must be regarded as *ex contractu,* and a judgment dismissing the petition, when affirmed by the Appellate Court, can be reviewed only on a certificate of importance and not by *certiorari.*

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. CLYDE E. STONE, Judge, presiding.

MONTGOMERY, HART, SMITH & STEERE, (URBAN A. LAVERY, of counsel,) for plaintiffs in error.

STEVENS, MILLER & ELLIOTT, (ALBERT M. KALES, of counsel,) for defendants in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The Dime Savings and Trust Company and Leslie Robison, executors of the will of John Green Ballance, deceased, and trustees under its provisions, filed a bill in the circuit court of Peoria county in 1910 to construe said will and to ascertain the validity of certain provisions thereof which were claimed to be void because in violation of the rule against perpetuities. On a hearing the circuit court decreed that paragraphs 12, 13, 14, 15 and 16 of the will violated the rule against perpetuities. Six of the heirs of the testator, Julia Ballance Watson, Virginia Ballance Starke, Myrtle Ballance Towar, Lillian Ballance Sheridan, Josephine Ballance Remer and Florence Ballance Stephens, who were among the defendants to the bill and who are plaintiffs in error in this suit, appealed from the circuit court decree to this court, where the decree was affirmed. (*Dime Savings and Trust Co.* v. *Watson,* 254 Ill. 419.) After the decree was affirmed at the June term of this court, 1912, plaintiffs in error filed the mandate of this court in the circuit court of Peoria county June 21, 1912, and on July 20, 1912, filed their motion to re-docket said cause in the circuit

court for the purpose of hearing their petition for the allowance of their costs, solicitors' fees and expenses. The court ordered the case re-docketed and continued it until the next term of the court. On March 13, 1913, the cause was stricken from the docket with leave to re-instate. On June 10, 1916, plaintiffs in error had the cause re-instated. On September 11, 1916, defendants in error filed their motion to strike the petition from the files, which was sustained on October 23, 1916, and the cause was stricken accordingly. On appeal to the Appellate Court for the Second District the order and judgment were by that court affirmed. A writ of *certiorari* was allowed by this court.

The petition of plaintiffs in error contained the averments that they were the defendants in the suit to construe said will and that they appealed from the decree of the circuit court to this court, and that on the appeal they were represented by E. E. Watson and Montgomery, Hart & Smith as solicitors. The nature of the work done by said attorneys in connection with the appeal is set forth in the petition. It is also averred that the meaning of the will in question was exceedingly doubtful and the necessity of the litigation was brought about by the uncertainty and ambiguity of the testator's language, and that a decision was first rendered reversing the decree but on rehearing the decree of the trial court was affirmed. Copies of both opinions of this court are appended to the petition. It is also averred in the petition that plaintiffs in error and other defendants were allowed solicitors' fees in the trial court at the time of the appeal, but that said allowance did not include any allowance for solicitors' fees and expenses incurred in the appeal. The prayer of the petition is that the court determine the amount to which petitioners are entitled out of said estate for costs, expenses and solicitors' fees in connection with the appeal, and that the executors be authorized and directed to pay the same.

The motion to strike the petition sets forth the following grounds: (1) That petitioners failed to state such a case as entitles them to an allowance for solicitors' fees; (2) that the sum of $2500 had been allowed plaintiffs in error for services performed by their solicitors after a full hearing in the trial court; (3) that said appeal was taken at their own cost and on their own responsibility; (4) that the decree of the circuit court was affirmed on appeal; and (5) and (6) that petitioners were guilty of *laches,* as the petition was not filed until more than three years after the cause was stricken, and because on March 13, 1913, the executors proceeded to close the estate and to dispose of its assets in conformity to the final decree of the circuit court as affirmed by this court.

Quite extensive briefs and arguments have been filed in this case upon the question whether or not in suits to construe wills solicitors' fees should be allowed for services rendered in the reviewing court on appeal and upon a number of other questions touching the merits of plaintiffs in error's claim in this case.

The first contention by defendants in error is that this court has no jurisdiction to entertain this writ of error. In our view of the case it will only be necessary to consider this question of jurisdiction.

The first argument made by defendants in error is that when solicitors' fees are allowed in the trial court in a chancery case construing a will the same are allowed as costs in the case. It appears to be true that in all such cases where solicitors' fees are taxed they are taxed as a part of the costs, or as a part of the costs and expenses of the party in the case in whose favor they are taxed. This fact, however, furnishes no satisfactory reason for saying that this court has no jurisdiction to determine the matters now for our consideration in this case. The basis of defendants in error's claim is that this court has no jurisdiction to review

any final judgment of the Appellate Court by *certiorari* in actions *ex contractu,* exclusive of actions involving a penalty, and in all cases sounding in damages wherein the judgment, exclusive of costs, is not more than $1000. There can be no question that in the cases last named the judgment must be for more than $1000 in the Appellate Court or trial court or this court cannot entertain jurisdiction to review the judgment by *certiorari,* and that such judgment must be *exclusive of costs.* But the words "exclusive of costs," used in the statute, have reference to the judgment itself and are not applicable to the claim for which or about which the judgment was rendered. If the claim happens to be on a matter of costs or a suit for costs in a certain case, the costs so sued for or claimed may be the basis for an action *ex contractu* and in which an action for a penalty is not involved. In such a case, if the judgment, exclusive of costs, on the claim for costs is for more than $1000 this court would have jurisdiction to review such judgment.

In *Doyle* v. *Wilkinson,* 120 Ill. 430, it was held that a party entitled to costs, either as an officer or a party to a suit, may maintain an action of assumpsit or debt for the amount of such costs legally due him, and that the action in such a case is upon an implied contract. In that case the judgment in the trial court and in the Appellate Court was for $72.30, and was for costs due Wilkinson in a certain other proceeding that had been tried in the trial court. This court declined to entertain jurisdiction of the appeal from the Appellate Court solely on the ground that the action was *ex contractu* and that the amount involved in the controversy,—*i. e.,* in the proceeding to re-tax costs,—was less than $1000. The statute there in question is not the same as the one now under consideration, as the jurisdiction of this court at that time depended upon the amount involved and not upon the judgment, but in all other respects the principle involved is the same and the decision in that case is decisive of the one now in question here.

The claim in this case is for costs, or for solicitors' fees and expenses to be taxed as costs, in the lower court to reimburse plaintiffs in error in their outlay for solicitors' fees and costs in the Supreme Court. The gist of their claim is, that by reason of the language in the will being dubious and uncertain the testator has caused plaintiffs in error to expend money for solicitors' fees, etc., in order that his devisees and legatees might take under his will according to his direction, and therefore that the testator's estate, and not plaintiffs in error, ought to be burdened with such expense,—*i. e.,* pay the same. Stated in a different way, the plaintiffs in error's claim is that there is an implied contract upon the part of the deceased (or the estate) to reimburse plaintiffs in error for solicitors' fees, costs and expenses expended by reason of such litigation, made necessary because of the language of the will. There can be no question that an action in assumpsit would lie on the part of plaintiffs in error against the executors and trustees of said estate if there is such liability against the estate as is claimed by plaintiffs in error. As plaintiffs in error's claim is, in fact, for a money demand, it is immaterial whether this case was a proceeding in equity or whether it was one at law. This court can have no jurisdiction on *certiorari* because the judgment was for costs against plaintiffs in error,— *i. e.,* was not for more than $1000, exclusive of costs. It is the cause of action and not the form of the action that must govern in such cases to determine our jurisdiction. Although the proceeding is a chancery case, this court would have jurisdiction if the judgment was for more than $1000, but being for less than $1000 this court is without jurisdiction in the absence of a certificate of importance. *Mc-Cagg* v. *Touhy,* 220 Ill. 216.

In the case just cited the proceedings were foreclosure proceedings, in which a decree was rendered for more than $3000 due on a note and mortgage, which decree included $150 solicitor's fee. The Appellate Court affirmed the de-

cree of the lower court except as to the $150 solicitor's fee, and this court ruled that an appeal would not lie to this court under our former. act as "the amount involved was less than $1000." The only difference between that case and this case, in principle, is, that the attorney's fee claimed by the owner of the note was claimed by actual contract or provision in the note itself, while in this case the claim of plaintiffs in error is on an implied contract arising by law.

In the case of *Lansingh* v. *Dempster,* 255 Ill. 161, in construing our late act on reviewing judgments by *certiorari,* this court said: "There is no reason why the words in which that jurisdiction is defined should not receive their ordinary meaning. There is no occasion for interpretation. There are no apparent inconsistencies or incongruities in this legislation to be reconciled. It is apparent that the legislative intention was, that where the object of a suit was merely the recovery of money, except in cases involving a penalty, the judgment should not be reviewed by *certiorari* if it was for $1000 or less. The words are apt to express that intention. *'Ex contractu'* does not cover all cases, nor does 'sounding in damages.' The two expressions overlap, but together they do cover all cases." It was further pointed out in that case that this is the rule in all chancery cases, such as foreclosures, mechanic's lien cases, divorce, separate maintenance, creditors' bills, accounting, damages on dissolution of injunction, bills of interpleader, where the object of the suit on appeal is the recovery of money, only, and no other independent relief is sought. See, also, *Modern Woodmen of America* v. *Nyquist,* 271 Ill. 635; *Kouka* v. *Kouka,* 221 id. 98.

A proceeding to establish a claim against an estate is an action *ex contractu* within the meaning of section 121 of the Practice act, and a judgment in such case against the plaintiff for an amount not greater than $1000, when affirmed by the Appellate Court, is final and not subject to

review by this court unless a certificate of importance is granted. (*Barber* v. *Estate of Keiser,* 279 Ill. 287.) The .only way in which a judgment for costs in an action *ex contractu* or one sounding in damages, which has been affirmed by the Appellate Court, can be reviewed in this court is on a certificate of importance. (*LaMonte* v. *Kent,* 253 Ill. 230.) The claim in this case is unquestionably for money, only, and upon which an action of assumpsit would lie if otherwise legitimate.

As the judgment was only for costs in both courts and no action for a penalty was involved, the writ of *certiorari* was improvidently allowed and the writ of error must be dismissed.
                                             *Writ dismissed.*