## Montgomery, Hart & Smith, Copartners, Appellants, v. Dime Savings & Trust Company et al., Appellees.

### Gen. No. 6,695.

1. APPEAL AND ERROR, § 349*—*when attorneys may not appeal in matter of fees.* Attorneys who joined with their clients in a petition to the Probate Court to require the executors of the estate in question to pay attorneys' fees for services performed in a proceeding to construe a will, had no right of appeal either from the Probate Court to the Circuit Court or from the latter court to the Appellate Court, where the order of the Probate Court was adverse to the claim of the clients who did not appeal, and where the petition failed to show either a joint claim of such attorneys with their clients or any claim whatever in their own right against the estate.

2. WILLS, § 435*—*when solicitors' fees properly taxed as costs against estate.* When it becomes necessary to have a will construed by proceedings in equity, the cost of the litigation including solicitors' fees which are necessarily incurred, is properly taxed as costs against the estate.

3. COURTS, § 104*—*when Probate Court cannot pass on liability of trust estate for solicitors' fees.* As the Probate Court has no jurisdiction of a trust estate nor of the trustees, that court could not judicially pass upon the question of the liability of the trust estate for solicitors' fees or expenses incurred in litigation involving the validity of the trust.

4. EXECUTORS AND ADMINISTRATORS, § 204*—*when improper to file claim for solicitors' fees against personal estate of decedent.* A claim for solicitors' fees performed in litigation involving a trust estate was not a proper one to file against the personal estate of a decedent.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Circuit Court of Peoria county; the Hon. T. N. Green, Judge, presiding. Heard in this court at the April term, 1919. Affirmed. Opinion filed July 18, 1919.

Irving Herriott, for appellants; John R. Montgomery, of counsel.

Cameron & Cameron, for appellees; Albert M. Kales, of counsel.

Mr. Presiding Justice Niehaus delivered the opinion of the court.

In this case Julia Ballance Watson, Virginia Ballance Stark, Myrtle Ballance Tower, Lillian Ballance Sheridan, Joseph Ballance Remer and Florence Ballance Stevens, jointly with their attorneys, Montgomery, Hart & Smith, and E. E. Watson filed a claim against the estate of John G. Ballance, deceased, in the form of a petition in the Probate Court of Peoria county against the Dime Savings & Trust Company and Leslie Robinson, the executors of the estate of said deceased. It is alleged in the petition that these claimants were made defendants in a bill filed in the Circuit Court of Peoria county to construe the will of the deceased; that a decree was entered in the Circuit Court of Peoria county construing said will adversely to their contention, and that they thereupon took an appeal to the Supreme Court [254 Ill. 419], which court finally affirmed the decree of the Circuit Court of Peoria county; that the Circuit Court of Peoria county made an allowance to them for expenses and solicitors' fees incurred by them in said court, but that no allowance was made and nothing had been paid them for solicitors' fees and expenses incurred in connection with and on account of said appeal, and they therefore ask in the petition that the Probate Court authorize said executors and direct them to pay the amount which they claim to have expended and to be due them in that be-

half from said estate. The executors moved to strike the petition from the files, which motion was sustained by the court. The claimants abided by the order of the court, but their solicitors, Montgomery, Hart & Smith, prayed an appeal to the Circuit Court. And in the Circuit Court on appeal the petition was again stricken from the files on motion of the executors, whereupon the appellants, Montgomery, Hart & Smith, again prosecuted an appeal to this court.

We are of opinion that the appellants had no right of appeal either from the Probate Court to the Circuit Court, or from the Circuit Court to this court, inasmuch as the order of the Probate Court striking the petition from the files was adverse to the claim of their clients, who did not appeal. And there are no averments in the petition which show that they have either a joint claim with their clients or any claim whatever in their own right against said estate, nor any appealable interest. *Merle v. Beifeld,* 275 Ill. 594. Waiving the question of the right of the appellants to a review of the order of the Circuit and Probate Courts, we have concluded, for the purpose of a speedy determination of the matters involved, to pass upon the other questions presented by the appeal. While it has been repeatedly held and is well settled as a matter of law that when it becomes necessary to have the will of a testator construed by proceedings in equity, the cost of the litigation including solicitors' fees which are necessarily incurred by the parties to such litigation, is properly taxable as costs, such costs are properly borne and should be taxed against the estate, fund or property involved in the proceeding or litigation. *Strickland v. Strickland,* 271 Ill. 614; *Keys v. Wohlgemuth,* 240 Ill. 586; *Guerin v. Guerin,* 270 Ill. 239; *Ward v. Caverly,* 276 Ill. 416. In the proceedings for the construction of the will of John G. Ballance, deceased, referred to in the petition, only a part of the estate was involved, namely, the trust

556        APPELLATE COURTS OF ILLINOIS.

Montgomery, Hart & Smith v. Dime S. & T. Co., 214 Ill. App. 553.

estate; the trust created by the will was held to be in violation of the rule against perpetuities and therefore void. *Dime Savings & Trust Co. v. Watson*, 254 Ill. 419. If the claimants therefore were entitled to be reimbursed for solicitors' fees and expenses incurred in the appeal to the Supreme Court, their claim for reimbursement was only against the trust estate. The Probate Court had no jurisdiction of the trust estate, nor of the trustees, and could not judicially pass upon the question of liability of the trust estate for any solicitors' fees or expenses connected with that litigation. It is also apparent that the claim of the claimants was not one which, under the administration act, was a proper one to file against the personal estate of a deceased person, or which the Probate Court could allow as a claim against such estate. The petition was therefore properly stricken from the files. The matter of the right of the claimants for reimbursement for solicitors' fees incurred from the trust estate, or from the appellees as trustees, was passed upon by us in *Dime Savings & Trust Co. v. Watson*, 208 Ill. App. 382. We there held they were not entitled to recover the solicitors' fees incurred in the appeal to Supreme Court for the reasons there stated. The appellants insist that the Supreme Court in the case of *Dime Saving & Trust Co. v. Watson*, 283 Ill. 276, used some expressions which indicated that they had a legal right to file their claim against the personal estate of the deceased. We find nothing in the decision from which such an inference could be drawn. The judgment is affirmed.

*Judgment affirmed.*